IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

MICHAEL VALENTINE GARDNER                                                    PLAINTIFF
ADC #175884

v.                                           3:21-cv-00116-JM-JJV

JOE PAGE, III, Warden,
Grimes Unit, ADC; *et al.*                                                   DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact. Mail your objections to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

### DISPOSITION

Michael Valentine Gardner ("Plaintiff") is a prisoner in the Grimes Unit of the Arkansas Division of Correction ("ADC"). He has filed an Amended Complaint, pursuant to 42 U.S.C. § 1983, alleging Defendants violated his: (1) Fourteenth Amendment right to receive due process of law by wrongfully finding him guilty of disciplinary charge in April 2021; and (2) Eighth

1

Amendment rights by failing to provide him with adequate medical care for frequent urination, an enlarged prostate, a kidney infection, back pain, bloody stools, and incontinence. (Doc. 5.) For the following reasons, I recommend the Amended Complaint be dismissed without prejudice for failing to state a plausible claim for relief.[1]

First, prisoners have a Fourteenth Amendment right to receive due process during prison disciplinary proceedings <u>only</u> if they implicated a liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Phillips v. Norris,* 320 F.3d 844, 847 (8th Cir. 2003). Prisoners have a liberty interest in avoiding temporary placement in administrative or punitive segregation only if the conditions there are an "atypical and significant hardship on him in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 485; *Rahman X v. Morgan*, 300 F.3d 970, 973 (8th Cir. 2002). The Eighth Circuit has "consistently held that a demotion to segregation, even without cause, is not itself an atypical or significant hardship." *Smith v. McKinney*, 954 F.3d 1075, 1082 (8th Cir. 2020); *Hamner v. Burls*, 937 F.3d 1171, 1180 (8th Cir. 2019).

While disciplinary charges were pending against Plaintiff, he was placed on behavior control status of seventy-two hours. (Doc. 5 at 14.) Plaintiff has not pled any facts suggesting the conditions he endured while on that status were an atypical or significant hardship. And, the Eighth Circuit has held confinement in punitive isolation for much longer durations does not give rise to a protected liberty interest*. See Ballinger v. Cedar Cnty*, Mo., 810 F.3d 557, 562-563 (8th Cir. 2016) (finding no atypical hardship where a prisoner was held in solitary confinement for one year with reduced access to showers, telephones, exercise, and social interaction); *Portley-El v.*

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (1) are frivolous or malicious or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

*Brill,* 288 F.3d 1063, 1065-66 (8th Cir. 2002) (holding that thirty days in punitive segregation was not an atypical and significant hardship under *Sandin*).

As punishment for his disciplinary conviction, Plaintiff's class was reduced, and he lost forty-five days of commissary, phone, and visitation privileges. (Doc. 5 at 16.) But, prisoners do not have a liberty interest in maintaining a particular classification level or in keeping commissary, phone, or visitation privileges. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Smith,* 954 F.3d at 1082; *Persechini v. Callaway*, 651 F.3d 802, 807, n. 4 (8th Cir. 2011). Having no liberty interest at stake, Plaintiff was not entitled to receive any due process protections during his April 2021 disciplinary proceedings. Accordingly, he has failed to plead a plausible due process claim.

Second, to properly plead an Eighth Amendment inadequate medical care claim, the Complaint must contain facts suggesting: (1) Plaintiff had an objectively serious need for medical care; and (2) <u>each</u> Defendant subjectively knew of, but deliberately disregarded, that serious medical need. (*Id.*) As to the second element, because there is no vicarious liability in § 1983 actions, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has not explained how <u>any</u> of the Defendants, through their own individual actions, failed to provide him with constitutionally adequate medical care. Further, the bar for pleading a deliberate indifference claim is high. Negligence, gross negligence, and a disagreement with the course of provided medical care is not enough. *Barr v. Pearson*, 909 F.3d 919, 921-22 (8th Cir. 2018); *Jackson v. Riebold*, 815 F.3d 1114, 1119 (8th Cir. 2016); *Langford v. Norris,* 614 F.3d 445, 460 (8th Cir. 2010). Instead, deliberate indifference "requires proof of a reckless disregard of the known risk." *Scott v. Baldwin*, 720 F.3d 1034, 1036 (8th Cir. 2013). The responses to the

grievances attached to the Amended Complaint demonstrate Plaintiff was treated on numerous occasions for his various medical problems. Plaintiff has not explained how the provided medical care was constitutionally inadequate. Thus, he has not pled a plausible inadequate medical care claim.

Finally, I have previously explained these pleading deficiencies to Plaintiff, given him the opportunity to file an Amended Complaint curing them, instructed him to explain his claims in his own words instead of merely attaching numerous documents to his Complaint, and provided him with the necessary form. (Doc. 4.)  The Amended Complaint does not comply with my instructions and fails to state a plausible claim for relief.

IT IS, THEREFORE, RECOMMENDED that:

1. The Amended Complaint (Doc. 5) be DISMISSED without prejudice for failing to state a claim upon which relief may be granted.

2. Dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 8th day of July 2021.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE